UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60484-Civ-WILLIAMS

DRAGUTIN PAVLETIC,

    Plaintiff,

vs.

CATERPILLAR, INC.,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This MATTER is before the Court on Defendant Caterpillar Inc.'s ("Caterpillar") Motion to Dismiss Plaintiff Dragutin Pavletic's Second Amended Complaint [D.E. 46], Pavletic's Response [D.E. 48], and Caterpillar's Reply [D.E. 51].

### I. BACKGROUND

In his Second Amended Complaint, Pavletic, a citizen of Croatia, makes the following allegations. In 2006, he attended the Genoa, Italy Boat Show and visited a display by Bertram Yacht, Inc. ("Bertram"), a company in the business of manufacturing and selling motor yachts. [D.E. 44 ¶¶ 6, 8]. At that time, Bertram represented to Pavletic that the C7 Engine manufactured by Caterpillar was the "optimal fit" for a yacht Pavletic was considering for purchase. [*Id.* ¶ 8]. In October 2006, Pavletic visited Bertram's office in Miami, Florida, at which time Bertram's head of sales represented "on behalf of both Bertram and . . . Caterpillar" that "Caterpillar engines [were] a better

1

option for the Vessel" than the basic standard option. [*Id.* ¶ 9]. In December 2006, Pavletic signed a Sales Agreement with Bertram for the purchase of a yacht. [*Id.* ¶ 10; *id.*, Exh. A].

In July 2007, the Caterpillar engines were delivered, fitted to the yacht, and sea trialed by Bertram and Caterpillar. [*Id.* ¶¶ 13-15]. In June 2008, within the yacht's first one hundred running hours, Pavletic noticed numerous technical defects with the engines. [*Id.* ¶ 17]. For the next two years, Motortech, an authorized Caterpillar repair dealer in Croatia, repeatedly attempted to repair the engines without success. [*Id.* ¶¶ 18-19, 22-28, 30, 35]. In April 2010, Pavletic wrote a letter to Caterpillar demanding final repair of the engines. [*Id.* ¶ 32]. Between May and July 2010, Pavletic was forced to purchase and install new replacement engines at his own expense. [*Id.* ¶ 36]. Caterpillar has not reimbursed Pavletic for these expenses. [*Id.* ¶ 38].

Pavletic brings the following claims against Caterpillar:[1] breach of written warranty under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301-2312 (Count One);[2] breach of express warranty under Fla. Stat. § 672.313 (Count Two);[3]

---

[1] Pavletic originally brought this action against both Caterpillar and Bertram. [*See* D.E. 1, 25]. However, Judge Kenneth Marra, who previously presided over this case [*see* D.E. 39], granted Bertram's motion to dismiss Pavletic's Amended Complaint. [D.E. 37]. Although Judge Marra granted Pavletic leave to amend his allegations against Bertram, Pavletic instead filed this Second Amended Complaint against Caterpillar only. [*See* D.E. 40, 42-44]. As a result, this Court has dismissed with prejudice this case as to Bertram. [D.E. 47].

[2] The written warranty referenced in this Count is a Caterpillar Limited Warranty, which is attached to the Second Amended Complaint. [D.E. 44 ¶ 43; *id.* Exh. B]. The Limited Warranty provides that Caterpillar will correct a defect in material of workmanship found during the standard warranty period.

[3] Although Pavletic cites § 672.314 in his Second Amended Complaint [D.E. 44 ¶ 51], that provision pertains only to implied (not express) warranties. Pavletic clarifies in his response that he intended to cite § 672.313, which does pertain to express warranties. [D.E. 48 at 4].

violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201-213 (Count Three); negligent misrepresentation (Count Four); fraud in the inducement (Count Five); and breach of implied warranty of merchantability (Count Six). Caterpillar now moves to dismiss Counts Two through Six on the ground that they fail to state a claim; Caterpillar does not move to dismiss Pavletic's MMWA claim in Count One.

## II. DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the claimant's favor. *See Speaker v. U.S. Dept. of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). While a claim need not provide "detailed factual allegations," it must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a counterclaim because the court anticipates "actual proof of those facts is impossible;" however, the "[f]actual allegations must be enough to raise a right of relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

3

## A. Counts Two and Six (Breach of Express and Implied Warranties)

In Counts Two and Six, Pavletic brings state law claims for breach of express warranty and breach of implied warranty of merchantability, respectively. As to Count Two, Pavletic brings a claim for breach of express warranty under Fla. Stat. § 672.313. However, he does not sufficiently identify the express warranty that Caterpillar allegedly made and breached. He alleges only that "Caterpillar represented that the Engines would function properly on the Vessel through descriptions and drawings of this particular model of engine." [D.E. 44 ¶ 52]. This one sentence allegation is wholly conclusory. Nowhere does Pavletic explain how or when it received the "descriptions and drawings," whether they were a "part of the basis of the bargain" (as required by § 672.313(1)), or even what they portrayed. Unlike Pavletic's MMWA claim—which is based on a written warranty that he attaches to the complaint—Pavletic's unexplained reference to "descriptions and drawings" in Count Two does not provide Caterpillar with sufficient notice of the claim and fails to meet minimum pleading standards.[4]

In Count Six, Pavletic brings a claim for breach of implied warranty of merchantability, alleging that Caterpillar impliedly warranted that the engines were fit for use in the yacht he purchased. [*Id.* ¶ 91]. However, Caterpillar correctly points out that, "[u]nder Florida law, in order to recover for breach of a warranty, either express or implied, the plaintiff must be in privity of contract with the defendant." *Borchardt v. Mako Marine Int'l, Inc.*, 2011 WL 2084177, at *1 (S.D. Fla. May 24, 2011); [D.E. 46 at

---

[4] Although he does not rely on this allegation in responding to Caterpillar's motion to dismiss, Pavletic's additional (and unexplained) allegation that the "construction of the Engines created an express warranty" is also conclusory and deficient. [D.E. 44 ¶ 51].

4

20-21]. And the only contract in this case is the Sales Agreement entered between Pavletic and Bertram [D.E. 44 ¶ 10; *id.* Exh. A]; there is no alleged contractual relationship between Pavletic and Caterpillar.

Nonetheless, "[i]n limited circumstances, Florida courts have found the privity requirement met without an actual contract between the manufacturer and the purchaser, where the manufacturer's representative had direct contacts with the purchaser which induced the purchaser to buy the product." *Borchardt*, 2011 WL 208477, at *1. In this regard, Pavletic points to his allegation that, while in Bertram's Miami office in October 2006, Bertram's "head of sales, on behalf of both Bertram and Defendant, Caterpillar," represented that the engines were better than the standard option. [D.E. 44 ¶ 9; D.E. 48 at 7]. But this fleeting allegation—that Bertram's head of sales made representations on Caterpillar's behalf—is entirely speculative and conclusory. Indeed, Pavletic makes absolutely no allegations regarding the relationship between Bertram and Caterpillar, much less that Bertram had authority to act on Caterpillar's behalf. And Pavletic does not otherwise allege that Caterpillar had direct contacts with Pavletic. The only alleged contact between Pavletic and Caterpillar were Pavletic's dealings with Motortech, a repair dealer in Croatia, and the April 2010 letter that Pavletic wrote to Caterpillar. But there is no allegation that Caterpillar engaged in direct contact with Pavletic or induced him to purchase the engines.[5]

---

[5] To the extent Motortech could be considered a representative of Caterpillar (which Pavletic does not allege), its attempted repairs all occurred years after the sale of the yacht and thus after any implied warranties were made. The same temporal problem also infects Caterpillar's alleged delivery, installation, and sea trials of the engine, all of which occurred more than six months after the sale of the yacht. [*See* D.E. 44 ¶¶ 10, 15; D.E. 48 at 7].

5

Thus, the Court concludes that Pavletic has failed to state a claim for either breach of express warranty or breach of implied warranty under Florida law.[6] Accordingly, the Court **DISMISSES** Counts Two and Six.

## B. Counts Four & Five (Negligent Misrepresentation and Fraud in the Inducement)

In Counts Four and Five, Pavletic brings state law claims for negligent misrepresentation and fraud in the inducement, respectively. In its motion to dismiss, Caterpillar correctly points out that, in order to state a claim for both negligent misrepresentation and fraud in the inducement, Pavletic must allege that Caterpillar made a misrepresentation or omission. [D.E. 46 at 16]; see *Jallali v. Nova Se. Univ., Inc.*, 55 So. 2d 665, 666 (Fla. Dist. Ct. App. 2011) (observing parenthetically that "the first element of a negligent misrepresentation claim is a misrepresentation of material fact") (citation and quotation marks omitted); *Biscayne Inv. Group, Ltd. v. Guarantee Mgmt. Servs, Inc.*, 903 So. 2d 251, 255 (Fla. Dist. Ct. App. 2005) (reciting the elements for fraud in the inducement, the first of which requires "the representor [to have] made a misrepresentation of a material fact").

In this case, Pavletic does not allege that Caterpillar itself made any negligent or fraudulent misrepresentation. Rather, as noted above, Pavletic alleges that, at its Miami office in October 2006, Bertram's head of sales represented to Pavletic that the Caterpillar engines were better than the standard engine option—and this representation was made on behalf of both Bertram and Caterpillar. [D.E. 44 ¶¶ 9, 68, 80]. Similarly, and although conspicuously omitted from the complaint's general

---

[6] As a result, the Court need not address Caterpillar's argument that the written warranty effectively disclaimed other warranties. [D.E. 46 at 19-20].

6

allegations discussing the event, Pavletic adds (also without explanation) in Counts Four and Five that Bertram's representation at the Genoa Boat Show—that the Caterpillar engines were the "optimal fit"—was also made on Caterpillar's behalf. [*Id.* ¶¶ 8, 68, 79]. Relying on these allegations, Pavletic argues that he has sufficiently alleged that Bertram was acting as Caterpillar's agent. [D.E. 48 at 12].

However, as discussed above, Pavletic makes absolutely no allegations regarding the relationship between Bertram and Caterpillar, much less any allegations that Caterpillar granted Bertram actual or apparent authority to make representations on its behalf or otherwise act as its agent. *See Reynolds Am., Inc. v. Gero*, 56 So. 3d 117, 119 (Fla. Dist. Ct. App. 2011) ("An agency relationship exists where the following are demonstrated: 1) acknowledgment by the principal that the agent will act for it; 2) the agent's acceptance of the undertaking; and 3) control by the principal over the action of the agent.") (citation omitted); *Stalley v. Transitional Hosp. Corp. of Tampa, Inc.*, 44 So. 3d 627, 630 (Fla. Dist. Ct. App. 2010) ("[W]hen there has been no representation of authority *by the principal*, no apparent or implied agency arises. The acts of the agent, standing alone, are insufficient to establish that the agent is authorized to act for the principal.") (internal citation omitted). Given the complete absence of such allegations, the Court rejects Pavletic's contention that agency determinations may not be made at the pleading stage.

Thus, the Court concludes that, because Pavletic has failed to sufficiently allege that Caterpillar made any misrepresentation or omission, he has failed to state a claim

for negligent misrepresentation or fraud in the inducement.[7]  Accordingly, the Court **DISMISSES** Counts Four and Five.

### C. Count Three (FDUTPA)

In Count Three, Pavletic brings a claim under FDUTPA, which "provides for a civil cause of action for 'unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.'" *City First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. Dist. Ct. App. 2008) (quoting Fla. Stat. § 501.204(1)) (alteration omitted).  "A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Id.* (citation omitted).

Pavletic's FDUTPA claim is that Caterpillar issued a written warranty offering to make repairs within a reasonable amount of time, Caterpillar avoided its obligations under that warranty, and Pavletic suffered damages as a result. [D.E. 44 ¶¶ 61, 63-65; *id.*, Exh. B].[8]  Caterpillar argues that Pavletic's allegations do not constitute an unfair or deceptive trade practice and do not rise to the "high level required to establish a claim under FDUTPA." [D.E. 46 at 21-22; D.E. 51 at 9-10].  However, FDUTPA is to be "construed liberally," Fla. Stat. § 501.202, and Pavletic's allegations that Caterpillar attempted to avoided its repair obligations guaranteed by a written warranty sufficiently allege conduct that is "unfair" and "substantially injurious to consumers." *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003) (citations and quotation

---

[7] As a result, the Court need not address the Parties' arguments regarding whether the economic loss rule bars these claims. [D.E. 46 at 13-15; D.E. 48 at 8-11; D.E. 51 at 2-3].

[8] Pavletic also includes the allegation that "Caterpillar's representation that the Engines were fit for their intended purpose was untrue," [D.E. 44 ¶ 62]; but, as discussed above, Pavletic does not sufficiently allege that Caterpillar ever made such a representation.

marks omitted). In this regard, and contrary to Caterpillar's argument, Pavletic does allege that Caterpillar's representations contained in the written warranty were false. [D.E. 44 ¶ 63]. Thus, the Court concludes that these allegations sufficiently state a claim under FDUTPA.

### III. CONCLUSION

For the foregoing reasons, Caterpillar's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Caterpillar's motion is **GRANTED** with respect to Pavletic's claims for breach of express warranty (Count Two), breach of implied warranty (Count Six), negligent misrepresentation (Count Four), and fraud in the inducement (Count Five). Because this is Pavletic's Second Amended Complaint, and the deadline to amend the pleadings has expired [see D.E. 27 at 3], these Counts are hereby **DISMISSED WITH PREJUDICE**. However, Caterpillar's motion is **DENIED** with respect to Pavletic's FDUTPA claim (Count Three), which may proceed alongside Pavletic's MMWA claim (Count One).

DONE AND ORDERED in Chambers, at Miami, Florida, this 20th day of December, 2011.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE