UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60484-Civ-WILLIAMS

DRAGUTIN PAVLETIC,

    Plaintiff,

vs.

CATERPILLAR, INC.,

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This MATTER is before the Court on the Defendant Caterpillar, Inc.'s ("Caterpillar") Motion for Summary Judgment [D.E. 59], Plaintiff Dragutin Pavletic's Response [D.E. 68], and Caterpillar's Reply [D.E. 78].[1]

Following this Court's Order on Caterpillar's Motion to Dismiss the Second Amended Complaint, only two claims remain in this case: 1) Pavletic's claim under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*; and 2) his claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.* [D.E. 54]. Caterpillar now moves for summary judgment on both claims.

---

[1] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008) (quotation marks and citations omitted). At the summary judgment stage, the Court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

1

Pavletic's MMWA claim is that Caterpillar failed to comply with the Limited Warranty. That warranty contains both a standard warranty period and an extended warranty period with respect to the C7 engines at issue. The standard warranty period covers the first 24 months or 1000 hours from the date of delivery, whichever comes first. During that time period, if a defect in material of workmanship is found, Caterpillar is required, *inter alia*, to provide new, remanufactured, or repaired parts or components "needed to correct the defect." The extended warranty period covers the first 60 months or 2000 hours, whichever comes first, but applies only to enumerated engine components. [*See* D.E. 44, Exh. B].

Caterpillar asserts that it is entitled to summary judgment because the engine problems experienced in November of 2009, which ultimately led Pavletic to purchase replacement engines, occurred a few months after the expiration of the standard warranty period and were caused by a defective aftercooler, which is not covered by the extended warranty. Pavletic does not dispute that assertion, but rather contends that Caterpillar nonetheless did not comply with the warranty because it failed to sufficiently correct the underlying cause of the problems (*i.e.*, defective aftercoolers) when Pavletic brought these problems to Caterpillar's attention during the standard warranty period. Instead, Pavletic argues that Caterpillar merely "chose to fix the symptoms that became apparent rather than address and repair the causes of these problems, thus delaying the discovery of the true cause of the problem" until after expiration of the standard warranty period. [D.E. 68 at 9].

While Caterpillar emphasizes that it corrected the problems brought to its attention during the standard warranty period, the Court concludes that, viewing the

evidence in the light most favorable to Pavletic, there is a genuine issue of material fact as to whether Caterpillar corrected the underlying defect or cause of these problems. The terms of the warranty required Caterpillar to correct the defect, not merely the symptoms of the defect, and there is a genuine issue of material fact about whether Caterpillar did so. The Court reaches this conclusion based on a thorough review of Pavletic's deposition testimony and interrogatory answers.[2] Because that disputed factual issue is central to Pavletic's MMWA claim, Caterpillar's motion for summary judgment is **DENIED** as to that claim.[3]

As to Pavletic's FDUTPA claim, this Court previously limited that claim to the allegation that Caterpillar sought to avoid its obligations under the warranty. [D.E. 54 at 8-9; D.E. 44 ¶ 64].[4] In his summary judgment response, Pavletic clarifies that his claim is that Caterpillar was aware that the aftercoolers were defective, but nonetheless avoided its obligations under the warranty to correct the defect in order to avoid the significant expense that such correction would have required. [*See* D.E. 68 at 6-8].

---

[2] In doing so, the Court has been careful not to consider any assertions by Pavletic that are potentially hearsay or that require expert knowledge. Nor has this Court considered the reports by Mr. Lovrovic and Mr. Modrusan that Pavletic has submitted. Thus, the Court need not address Caterpillar's arguments that such assertions and reports are inadmissible and may not be used to defeat summary judgment.

[3] Caterpillar alternatively argues that it is entitled to summary judgment with respect to the starboard engine because there is no evidence that this engine sustained any damage in November of 2009. While it is true that the majority of the problems affected the port engine, the record reflects that the high temperature alarm for the starboard engine sounded both in the summer of 2008 and then again in November of 2009. [D.E. 61, Exh. 2 at 175, 179; *id.* Exh. 3 at 214, 225, 228-29; D.E. 66, Exh. 3 ¶ 1]. Thus, viewing the facts in the light most favorable to Pavletic, a jury could conclude that the starboard engine had a defect and that Caterpillar failed to correct that defect during the standard warranty period, in which case Pavletic would have suffered at least some damage as a result. Caterpillar is therefore not entitled to summary judgment.

[4] Although Pavletic had also alleged that Caterpillar made several misrepresentations, the Court previously concluded that these allegations were insufficient to survive a motion to dismiss. [D.E. 54 at 8 n.8; D.E. 44 ¶¶ 61-63].

And at the summary judgment hearing, Pavletic further emphasized that Caterpillar had such knowledge because other C7 engines in the marketplace had a similar defect. However, there is no evidence in the record to support that assertion. More importantly, the Court concludes that Pavletic has not produced sufficient evidence otherwise demonstrating that Caterpillar had knowledge or awareness that such a defect existed in this case, and thus sought to avoid its obligations under the warranty. Because Pavletic's FDUTPA claim is premised on such knowledge or awareness, and Pavletic has not produced sufficient evidence in that regard, Caterpillar's motion for summary judgment is **GRANTED** as to this claim.

DONE AND ORDERED in Chambers, in Miami, Florida, this 16th day of May, 2012.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE